# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>TRISHUL CONSULTANCY, LLC, et al.,<br><br>Defendants. | Civil Action No. 18-16468 (FLW)(ZNQ)<br><br>MEMORANDUM OPINION |

This matter comes before the Court upon Defendant Mark Adams' ("Adams") Motion for Relief from Order Granting Plaintiff's Ability to Proceed Anonymously (the "Motion"). (ECF No. 63.) Defendants Sage BRE NYNJ LLC ("Sage Manager"), Sage BRE NYNJ Manager B LLC ("Sage Manager B"), and BRE NE Hospitality Property Owner LLC ("BRE") incorporate by reference the Motion for Relief from the Order Granting Plaintiff's Motion to Proceed Anonymously, and separately move to bar Adams from his requested alternative relief of proceeding anonymously in this suit. (Mot. for Partial Joinder, ECF No. 64.) Plaintiff Jane Doe ("Plaintiff"), with permission from the Court, requested that the Court rely on her initial papers, and Adams replied. (Pl.'s Correspondence, ECF No. 65; Adams' Reply Br., ECF No. 66.)

For the reasons set forth below, Adams' Motion is denied. (ECF No. 63.) Sage Manager, Sage Manager B, and BRE's Partial Motion for Joinder is denied in part and granted in part. (ECF No. 64.)

I.  **BACKGROUND**

On November 27, 2018, anonymously named Plaintiff, Jane Doe, filed her initial Complaint against Trishul, Adams, and Marriott International, Inc., alleging discrimination and retaliation

under Title VII of the Civil Rights Act of 1964 and New Jersey's Law Against Discrimination N.J. Stat. Ann. §§ 10:5-12(a), (d), (e). (Compl. ¶¶ 57-80, ECF No. 1.) On March 22, 2019 Plaintiff amended her Complaint to add as defendants Sage Manager, Sage Manager B, and BRE, and to add claims of assault and battery against Adams. (*See generally*, Am. Compl., ECF No. 27.) In her Amended Complaint, Plaintiff states that in or around June 2015, she was hired by Trishul Consultancy LLC ("Trishul"), a staffing agency. (Am. Compl. ¶ 21, ECF No. 27.)

In June 2015, Trishul facilitated Plaintiff's placement as a housekeeper at the Courtyard Ewing Marriott ("Marriott") in Ewing, New Jersey. (*Id.* ¶¶ 10, 21.) Plaintiff's primary duty was to clean hotel rooms and her position was at all times supervised by Adams, the hotel's Executive Housekeeper. (*Id.* ¶¶ 19-20.) Plaintiff alleges that from June to November 2016, Adams repeatedly sexually assaulted, harassed, and threatened Plaintiff in and around the workplace. (*Id.* ¶¶ 21-57.) Specifically, Plaintiff alleges that in June 2016, Adams told Plaintiff to "pull up [her] shirt[,]" and asked Plaintiff to have a "threesome" with him. (*Id.* ¶¶ 25, 38.) Plaintiff further claims that the harassment escalated into assault in October 2016, and that "[Adams] forced Plaintiff to give him oral sex by physically overpowering her [and] opening her mouth to insert his penis." (*Id.* ¶ 41.) She claims that Adams "threatened her about the sexual incident, and if she told anyone about it no one would believe her and that she would be 'done.'" (*Id.* ¶ 43.) Plaintiff alleges that in November 2016, "[Adams] followed Plaintiff into one of the hotel rooms she was cleaning . . . . and proceeded to fondle Plaintiff's buttocks and forcibly kiss her." (*Id.* ¶ 50.) She states that "[s]hortly thereafter, [Adams] again threatened Plaintiff that if she reported his conduct or said 'no' to his advances she would lose her job." (*Id.* ¶ 51.) Plaintiff reported this behavior to Marriott's management, and claims that she was later constructively discharged from her job when her hours were decreased significantly. (*Id.* ¶¶ 54-57.)

Upon filing her initial Complaint, Plaintiff moved to proceed under pseudonym. (Mot. to Proceed Anonymously, ECF Nos. 2-3.) Trishul opposed, and Plaintiff replied. (Trishul's Opp'n Br., ECF No. 8; Pl.'s Reply Br., ECF No. 10.) The Court granted Plaintiff's Motion to Proceed Anonymously. (Order, ECF No. 14.) Following a conference with the Court, during which some of the defendants expressed a concern that they had not been afforded the opportunity to oppose Plaintiff's initial Motion to Proceed Anonymously, Adams filed the instant Motion. (Mot., ECF No. 63.) Defendants Sage Manager, Sage Manager B, and BRE moved to adopt and incorporate by reference Adams' Motion, with the exception of the defendants' request that any party, including Adams, be barred from proceeding anonymously. (Mot. for Partial Joinder, ECF No. 64.) Plaintiff submitted correspondence requesting that the Court rely on her initial response papers (Pl.'s Opp'n Br., ECF Nos. 2-3, 10), and the Court's prior Order permitting Plaintiff to proceed anonymously (Order, ECF No. 14), in analyzing Adams' Motion (Mot., ECF No. 63). (Pl.'s Correspondence, ECF No. 65.) Adams replied. (Adams' Reply Br., ECF No. 66.)

## II. PARTIES' ARGUMENTS

### A. Defendants' Arguments

Adams now seeks relief from the Order granting Plaintiff the ability to proceed anonymously. (*See generally* Mot., ECF No. 63.) Adams first asserts that the Court should not grant Plaintiff anonymity because Plaintiff does not meet the stringent standards required for a party to proceed through a suit anonymously. (*Id.* at 3.) Specifically, Adams argues that potential embarrassment or economic harm to the plaintiff is not enough to qualify for anonymity. (*Id.* (citing *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011)).) "Rather, the plaintiff must demonstrate 'both (1) a fear of severe harm and (2) that the fear of harm is reasonable.'" (*Id.* (citing *Megless*, 654 F.3d at 408).) Adams also argues that Plaintiff's allegations lack specificity. (*Id.* at 5, ECF No. 63.)

3

Adams contends that the public has an established interest in an open litigation process. (*Id.* at 3 (citing *Megless,* 654 F.3d at 408-409, 411).) As a form of alternative relief, Adams requests that if the Court permits Plaintiff to proceed anonymously, he also be permitted to proceed anonymously. (*Id.* at 9.)

Defendants Sage Manager, Sage Manager B, and BRE seek to join in Adams' Motion, except that they "object to any party being allowed to proceed anonymously." (Mot. for Joinder 2, ECF No. 64.) They argue that "[a]llowing any of the key parties to proceed anonymously will substantially burden Defendants and interfere with their ability to conduct discovery and defend this case. (*Id.*)

### B. Plaintiff's Arguments

Plaintiff responds with correspondence requesting that the Court rely on her initial papers and the Court's prior Order in deciding this matter, also stating, "Adams subjected Plaintiff to a severe sexual assault and exposing her identity creates risk of extreme distress to Plaintiff." (ECF Nos. 10, 14, 65.) In her initial Motion to Proceed Anonymously, Plaintiff argues that "a party may proceed by way of pseudonym, particularly where disclosure of the litigant's identity creates a risk of 'extreme distress or danger.'" (Pl.'s Moving Br. ¶ 4, ECF No. 3.) She states that her identity has remained confidential to this point, and that the only people who are aware of her identity are parties to this litigation. (*Id.* ¶ 4.1.) Plaintiff asserts that to publicize her claims to her colleagues and friends would serve to revictimize her. (*Id.* ¶ 4.2.) Plaintiff states that there is a "strong public interest in maintaining the confidentiality of Plaintiff's identity," which opposes the "atypically weak public interest in revealing Plaintiff's name and identity because this matter is specific to Plaintiff. (*Id.* ¶¶ 4.3-4, 4.8.) Plaintiff asserts that she "would strongly consider foregoing this lawsuit should she be unable to proceed anonymously." (*Id.* ¶ 4.5.) She avers that she "has no illegitimate ulterior

motives in seeking to proceed anonymously," and seeks to proceed under pseudonym "solely to protect her physical, mental, and emotional well-being." (*Id.* ¶ 4.6.)

### C. Adams' Reply

In his Reply, Adams argues that because Plaintiff asks the Court to rely on her initial papers, the Court should grant his Motion as uncontested, and restates the arguments made in his Motion. (Adams' Reply Br. 1-2, ECF No. 66.) Adams also argues that the Court erred in issuing its prior Order because "it was entered before Adams had the opportunity to be heard on this issue." (*Id.* at 3.) Adams contends that the Court should consider that "(1) Adams denies the allegations asserted against him; (2) Adams has never been charged with any crimes related to Plaintiff's allegations; and (3) despite that, Plaintiff refused to allow Adams the reciprocal right to proceed anonymously." (*Id.* at 3 n.2.)

## III. LEGAL STANDARD

"[Federal Rule of Civil Procedure] 10(a) requires parties to a lawsuit to identify themselves in their respective pleadings." *Megless*, 654 F.3d at 408 (citing *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)); *see also* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"). "Courts have explained that Federal Rule of Civil Procedure 10(a) illustrates 'the principle that judicial proceedings, civil as well as criminal, are to be conducted in public.'" *Id.* (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)).

Both parties rely on the standard set forth in *Megless*, the Third Circuit Court of Appeals decision which adopted the non-exhaustive list of factors outlined in *Doe v. Provident Life and Acc. Ins. Co.*, 178 F.R.D. 464, 467 (E.D. Pa. 1997). Factors weighing in favor of anonymity are as follows:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality

5

of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Megless*, 654 F.3d at 409; *see also Provident Life*, 178 F.R.D. at 467-68. Factors that weigh against anonymity include:

(1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.*

This Court applied the nine-factor *Provident Life* test adopted by the Third Circuit Court of Appeals in *Doe v. Rutgers*, holding that a plaintiff in a sexual assault case could proceed anonymously because she successfully established four of six of the *Megless* factors weighing in favor of anonymity, and that "the considerations that disfavor Plaintiff's anonymity d[id] not outweigh these factors." *Doe v. Rutgers,* No. 2:18-cv-12952-KM-CLW, 2019 U.S. Dist. LEXIS 75139, at *4-5 (D.N.J. Apr. 30, 2019). In *Rutgers*, Plaintiff alleged that she was sexually assaulted and coerced into a sexual relationship with her dissertation advisor at Rutgers Business School. *Id.* at 2. The Court held that "[u]nder the *Megless* analysis, Plaintiff has successfully overcome the presumption that she should proceed using her real name." *Id.* at 4; *but see Doe v. Court of Common Pleas,* No. 17-1304, 2017 U.S. Dist. LEXIS 182273, 2017 WL 5069333, at *1 (W.D. Pa. Nov. 3, 2017) (declining to allow Plaintiff to proceed under pseudonym because she was not a minor and did not sufficiently satisfy the *Megless* factors).

Courts within the Third Circuit have previously allowed plaintiffs to proceed under pseudonym. *See e.g.*, *Provident Life*, 178 F.R.D. at 468 (permitting the plaintiff's use of pseudonym to prevent revealing her psychiatric disorder); *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 371 n.2 (upholding district court order permitting the plaintiff to proceed anonymously in a case concerning abortion); *Doe v. Oshrin*, 299 F.R.D. 100, 102, 105 (D.N.J. 2014) (permitting plaintiff to proceed anonymously against defendant who had been convicted of recording and distributing images of the plaintiff in violation of the Child Protection and Obscenity Act, 18 U.S.C. §§ 2255(a), 2252A(a)(5)(B)); *Doe v. Hartford Life & Acc. Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006) (allowing the plaintiff to proceed anonymously in insurance action to protect diagnosis of bipolar disorder, finding that the "[p]laintiff's interest in remaining anonymous clearly outweigh[ed] the public's interest in the information."). This Court similarly finds that Plaintiff here should be allowed to proceed under pseudonym.

## IV. ANALYSIS

### A. *Megless* Factors Weighing in Favor of Anonymity

The Court analyzes Plaintiff's ability to proceed under pseudonym according to the *Provident Life* factors adopted by the *Megless* Court. *Megless*, 654 F.3d at 409; *see also Provident Life*, 178 F.R.D. at 467-68.

The first factor analyzes "the extent to which the identity of the litigant has been kept confidential[.]" *Megless,* 654 F.3d at 409. Plaintiff asserts that her identity remains confidential, and that the only people aware of Plaintiff's identity are parties to this litigation. (Pl.'s Mot. to Proceed Anonymously, ¶ 4.1, ECF No. 3.) Unlike the plaintiff in *Rutgers*, though the plaintiff was nonetheless permitted to proceed under pseudonym, Plaintiff has not willfully spoken with members of the media. *Rutgers*, 2019 U.S. Dist. LEXIS 75139, at *5. Additionally, two of three

7

cases that Adams relies on in refuting this point are distinguishable. (*See* Mot. 5-6, ECF No. 63.) Adams relies on *Doe v. Temple Univ.*, No. 14-04729, 2014 U.S. Dist. LEXIS 122427, at *1-2 (E.D. Pa. Sept. 3, 2014), in which a plaintiff "sought to proceed anonymously in an action where he had been accused of sexual assault and expelled"; *Doe v. Temple Univ.*, No. 13-5156, U.S. Dist. LEXIS 127185, at *2-3 (E.D. Pa. Aug. 7, 2014), in which a plaintiff sought to proceed anonymously who had been accused of sexual harassment; and *Doe v. Court of Common Pleas*, 2017 U.S. Dist. LEXIS 182273, at *2-5 (W.D. Pa. Nov. 3, 2017), in which a plaintiff who alleged that a state judge offered her a position in his court in exchange for an ongoing sexual relationship was not permitted to proceed under pseudonym. (Mot., 5-6, ECF No. 63.) Both Temple University cases revolve around plaintiffs who were the alleged sexual aggressor, not assault survivors, a notable difference in position. Though Defendants also point to *Doe v. Court of Common Pleas*, courts within the Third Circuit have held in favor of permitting Plaintiff to proceed anonymously when her identity has been kept confidential. *See Provident Life*, 178 F.R.D. at 468; *C.A.R.S. Protection Plus, Inc.*, 527 F.3d at 371 n.2; *Oshrin*, 299 F.R.D. at 105; *Hartford Life*, 237 F.R.D. at 550; *Rutgers*, 2019 U.S. Dist. LEXIS 751369, at *12-13. This first factor weighs in favor of Plaintiff's anonymity.

In evaluating the second factor, "the [C]ourt looks to 'the bases upon which' Plaintiff fears disclosure of her identity, and the 'substantiality of these bases.'" *Megless*, 654 F.3d at 409. "Plaintiff must demonstrate that she reasonably fears 'severe harm,' that exceeds mere 'embarrassment.'" *Id.* at 408. Plaintiff has alleged that she suffered "severe anxiety and emotional distress each day going into work fearing that Adams would attack and/or fire her[,]" and that she suffered an "emotional breakdown" in November 2016 which precipitated her reports to Marriott management. (Am. Compl. ¶¶ 52, 54, ECF No. 27.) As in *Doe v. Evans*, a factually similar case in which the plaintiffs brought claims of sexual assault against a state trooper—and were permitted to

proceed anonymously—Plaintiff has shown that her "fear of *increased* embarrassment, humiliation, and emotional distress should her friends and business associates learn of these events is well-founded." *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001) (emphasis added). Because Plaintiff has shown that exposing her identity poses the potential for severe harm that exceeds mere embarrassment, this factor also weighs in favor of Plaintiff's anonymity.

The third factor looks to the "magnitude of the public interest in maintaining the confidentiality of the litigant's identity." *Megless,* 654 F.3d at 409. "There is a recognized public interest in ensuring that victims of sexual assault can vindicate their claims and that the fear of public humiliation does not discourage these plaintiffs." *Rutgers,* 2019 U.S. Dist. LEXIS 75139, at *9. Similarly, "[t]he public has a compelling need to protect identities to promote disclosure by [sexual assault] victims." *Id.* (quoting *K.W. v. Holtzapple,* 299 F.R.D. 438, 442 (M.D. Pa. 2014)). Courts have a strong interest in incentivizing plaintiffs to litigate their claims without threat of revictimization, and as a result, there is a strong public interest in maintaining the confidentiality of Plaintiff's identity in this suit.

The fourth *Megless* factor examines whether "there is an atypically weak public interest in knowing the litigant's identities." *Megless,* 654 F.3d at 409. "Plaintiff is a private citizen seeking to litigate private and highly-sensitive issues, not a public official for whom the public possesses a heightened interest." *Oshrin,* 299 F.R.D. at 104; *see also Provident Life*, 176 F.R.D. at 468 ("[the plaintiff's] use of a pseudonym will not interfere with the the public's right or ability to follow the proceedings."). The Court finds that there is a weaker interest in the public's access to Plaintiff's identity, and that this factor weighs in favor of Plaintiff remaining anonymous.

The fifth *Megless* factor analyzes "the undesirability of an outcome adverse to the pseudonymous party and attributable to h[er] refusal to pursue the case at the price of being publicly

9

identified." *Megless*, 654 F.3d at 409. Specifically, the fifth factor considers whether "the claim [will] be resolved on its merits if the litigant is denied the opportunity to proceed using a pseudonym, or [whether] the litigant [will] sacrifice a potentially valid claim simply to preserve [her] anonymity." *Id.* at 410. Plaintiff has stated that she "would strongly consider foregoing this lawsuit should she be unable to proceed anonymously" and that "[Plaintiff] is suffering from severe emotional distress and anxiety . . . . [and] she will be less likely to proceed with this matter should her identity be disclosed." (Pl.'s Mot. to Proceed Anonymously ¶ 4.5, ECF No. 3; Pl.'s Reply Br. 4, ECF No. 10.) Though the Court should be wary that "a plaintiff's stubborn refusal to litigate openly by itself cannot outweigh the public's interest in open trials," and that here, Plaintiff's intention as to whether she would proceed with the suit without anonymity is unclear, the Court is cognizant that Plaintiff may be deterred from pursuing a meritorious claim should she be required to proceed publicly. *Megless*, 654 F.3d at 410. This factor, therefore, weighs in favor of allowing Plaintiff to proceed under pseudonym. *See Oshrin*, 299 F.R.D. at 104; *Hartford Life*, 237 F.R.D. at 550; *Provident Life*, 176 F.R.D. at 468-69.

The sixth factor, "whether the party seeking to sue pseudonymously has illegitimate ulterior motives," investigates whether there exist allegations or evidence that the plaintiff "has an illegal or ulterior motive in [her] desire to hide [her] name." *Id.* There is no such allegation or evidence here. As in *Provident Life*, Plaintiff "has provided this Court with several valid reasons in support of [her] request to proceed in pseudonym." *Provident Life*, 176 F.R.D. at 469. Therefore, the Court finds that this factor also weighs in favor of permitting the plaintiff to proceed anonymously.

**B.    *Megless* Factors Weighing Against Anonymity**

As in *Rutgers*, "[t]he *Megless* factors that cut against Plaintiff's use of a pseudonym do not tip the balance in favor of Defendants' Motion." *Rutgers*, 2019 U.S. Dist. LEXIS 75139, at *11.

The Court recognizes the "universal public interest in access to the identities of the litigants." *Megless*, 654 F.3d at 411; *see also Hartford Life*, 237 F.R.D. at 551 ("The only factor against Plaintiff's use of a pseudonym is the public's general interest in having access to the identity of litigants. However, this interest exists in some respect in all litigation and does not outweigh the strength of the factors in favor of Plaintiff's use of a pseudonym."). Additionally, "when litigation involves 'a member of a particularly vulnerable class,' or 'the subject matter is highly personal' the 'public has an interest in protecting the identity of the litigant.'" *Rutgers*, 2019 U.S. Dist. LEXIS 75139, at *11-12 (quoting *Doe v. Rider Univ.*, No. CV 16-4882 (BRM), 2018 U.S. Dist. LEXIS 133146, at *3 (D.N.J. Aug. 7, 2018)). Plaintiff is not a public figure, nor is any party to this case. *Megless*, 654 F.3d at 409. Finally, there is nothing in the record to suggest that the defendants' opposition to Plaintiff's request to proceed anonymously is illegitimately motivated. However, the minimal public interest cannot counterbalance the remainder of the *Megless* factors that weigh in favor of permitting Plaintiff to proceed anonymously.

## V. CONCLUSION

For the foregoing reasons and for good cause shown, Adams' Motion is denied. (ECF No. 63.) Sage Manager, Sage Manager B, and BRE's Partial Motion for Joinder is denied in part and granted in part. (ECF No. 64.) Plaintiff has sufficiently demonstrated that the benefit in permitting her to proceed anonymously outweighs the defendants' request that she proceed publicly. An appropriate Order follows.

_____
ZAHID N. QURAISHI
United States Magistrate Judge

**Dated:** September 30, 2019